UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL HENDERSON,<br>    *Plaintiff,*<br>    *v.*<br>MICHAEL LAGOUDIS, VICKI LAGOUDIS, AND SANTUCCI,<br>    *Defendants.* | Civil No. 3:12cv1688 (JBA)<br><br>February 28, 2014 |

**RULING GRANTING DEFENDANTS' MOTION TO DISMISS**

Pro se Plaintiff Daniel Henderson's Complaint [Doc. # 1] alleges that he is the owner of real property located at 1843 North Broad Street in Meriden, Connecticut. (Complaint at 1.) Defendant Vicki Lagoudis is the owner of an adjacent property at 1835 North Broad Street, and Defendant Michael Lagoudis is her husband and business partner. (*Id.* at 1–2.) Plaintiff alleges that in December 2009 through January 2010 Defendants and their contractor—identified only as Defendant "Santucci"—performed excavation work on the Lagoudis' property and in doing so damaged Plaintiff's property. (*Id.*) Plaintiff asserts claims for trespass (Count One), theft (Count Two), and nuisance (Count Three).

Defendants Vicki and Michael Lagoudis now move [Doc. # 15] to dismiss the Complaint and seek sanctions on the basis that Plaintiff has brought five prior actions against them in state court and is collaterally estopped from relitigating the issue of his standing to pursue these claims. For the reasons that follow, Defendants' Motion to Dismiss will be granted, but sanctions will not be imposed.[1]

---

[1] Plaintiff has requested [Doc. # 18] "permission to present evidence and oral argument" in opposition to Defendants' motion. "Although the parties can request oral

I.      Facts

Plaintiff has filed five actions against Defendants Michael and Vicki Lagoudis alleging they trespassed on his property at 1843 North Broad Street, all of which have either been withdrawn or dismissed.[2]  On September 30, 2011, the Fourth State Court Action was dismissed by Judge Robinson because she determined that Plaintiff failed to establish "with credible evidence" that he owned 1843 North Broad Street and therefore lacked standing to pursue claims related to the property.  *See Henderson v. Lagoudis*, 35201, 2014 WL 631121, at *1 (Conn. App. Ct. Feb. 25, 2014).  On January 3, 2012, Plaintiff commenced the Fifth State Court Action, presenting additional evidence that he was the owner of 1843 North Broad Street.[3]  On November 26, 2012, Defendants' motion

---

argument on a particular motion, the decision whether to decide a motion on the papers or after oral argument rests with the court."  *Fine v. Black*, No. 3:10cv359 (JBA), 2012 WL 1032918, at *1 (D. Conn. Mar. 26, 2012); *see also* Loc. R. Civ. P. 7(a)1 ("Notwithstanding that a request for oral argument has been made, the Judge may, in his or her discretion, deny such request.").  Because the Court concludes that oral argument is not needed to rule on Defendants' motion, Plaintiff's request for oral argument is denied.

[2] Plaintiff's first lawsuit, HHB-CV 10-5014928 (the "First State Court Action") was brought in the name of a corporation, claiming to be the owner of the subject property allegedly damaged by Defendants.  The First State Court Action was dismissed by the trial court sua sponte, because Plaintiff, who is not a member of the bar, filed an appearance pro se on behalf of the corporation.  The subsequent actions were brought by Plaintiff pro se, wherein he claimed to be the owner of the subject property.  On June 9, 2011, Plaintiff withdrew his complaint in NNH-CV10-5033551-S (the "Second State Court Action"); on August 1, 2011, Defendants' motion to dismiss NNH-CV11-5033840-S (the "Third State Court Action") on the basis of failure to serve process and lack of standing was granted.  (*See* Rickman Aff. [Doc. # 16] at 7–11.)

[3] In moving to dismiss the Fifth State Court Action, Defendants asserted that the ruling dismissing the Fourth State Court Action collaterally estopped Plaintiff in the Fifth State Court Action, but the court ruled that Defendants could only seek dismissal on this basis by pleading a special defense.  *Id.* at *1 n.2.

for summary judgment in the Fifth State Court Action was granted on the basis that Plaintiff "did not have standing," because he "did not own or exclusively possess the property he alleges the defendants trespassed on in 2009." *Id.* at *3. On February 25, 2014, the Appellate Court of Connecticut affirmed the dismissal of the Fifth State Court Action, but held that the trial court should have dismissed the action for Plaintiff's lack of standing rather than granting summary judgment. *Id.* at *1.

II.   Discussion

   A.   **Claim Preclusion**

"Once a matter has been litigated and decided, a party may be foreclosed from litigating the same issue again. This is known as issue preclusion, or, more traditionally, collateral estoppel. Issue preclusion is based upon a policy that it is not fair to permit a party to relitigate an issue that has already been decided against it."[4] *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (internal citations and quotation marks omitted). "Under the Constitution's Full Faith and Credit Clause, federal courts must accord state court judgments the same preclusive effect as other courts within that state." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (internal citations omitted).

In Connecticut, to be subject to collateral estoppel, an issue must have been: (1) "fully and fairly litigated," (2) "actually decided," and (3) "necessary to the judgment" in

---

[4] Claim preclusion does not apply here, because a dismissal for lack of jurisdiction is not an adjudication on the merits. *See Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) ("Although only judgments on the merits preclude parties from litigating the same cause of action in a subsequent suit, that does not mean that dismissals for lack of jurisdiction have no preclusive effect at all. A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue.").

the first action, *Virgo v. Lyons,* 209 Conn. 497, 501 (1988), and (4) "identical" to the issue to be decided in the second action. *State v. Joyner,* 255 Conn. 477, 490 (2001). An issue has been fully and fairly litigated if the party against whom claim preclusion is asserted had a "full and fair opportunity" to litigate that issue in the prior proceeding. *Aetna Cas. & Sur. Co. v. Jones,* 220 Conn. 285, 306 (1991). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." *Joyner,* 255 Conn. at 490 (internal quotation marks omitted). "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." *Id.* (internal quotation marks omitted).

"Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Associated Fin. Corp. v. Kleckner*, 480 F. App'x 89, 90 (2d Cir. 2012) (quoting *Conopco, Inc. v. Roll Int'l,* 231 F.3d 82, 86 (2d Cir. 2000)). The Court may take judicial notice of "public records, including complaints filed in state court, in deciding a motion to dismiss." *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *see also Simpson v. Melton-Simpson*, No. 10cv6347 (NRB), 2011 WL 4056915, at *2 (S.D.N.Y. Aug. 29, 2011) ("Here, where defendant's *res judicata* argument depends on the New Jersey state court's judgment, we take judicial notice of plaintiff's complaint filed in New Jersey state court and the transcript of the state court's decision, without converting the motion into to one for summary judgment.").

In both the Fourth and Fifth State Court Actions, Connecticut courts have held that Plaintiff has failed to establish that he is the owner of the property at issue here and

have dismissed his complaint for lack of standing. (*See Henderson v. RJG Realty*, No. NNH CV11-5033840-S, Ruling on Mot. to Dismiss [Doc. # 116.20], at 3, Ex. N to Rickman Aff.); *Henderson*, 2014 WL 631121, at *1.

Plaintiff contends that dismissal is not warranted here, arguing that the dismissal of his complaint in the Fifth State Court Action was "fundamentally unfair" because the court (1) denied Plaintiff the opportunity to "present evidence and testimony," and (2) because Defendants should have been collaterally estopped from re-litigating their assertion that Plaintiff lacked standing in their motion for summary judgment after this claim was rejected on their motion to dismiss. (Pl.'s Opp'n [Doc. # 19] at 2–3); *see also* note 3 *infra*. Plaintiff's assertions, however, do not provide a basis to avoid issue preclusion. The "full and fair opportunity" to litigate requirement looks at whether there were procedural impediments that prevented a party from having the *opportunity* to litigate a particular issue. *Cf. Norris v. Grosvenor Mktg. Ltd.*, 803 F.2d 1281, 1286 (2d Cir. 1986) ("Simply put, Norris fully argued his . . . theory during his arbitration with Cooper, and interests in finality demand that he not be given a second chance to raise the same issue here.").

Plaintiff disputes the result reached in the Fifth State Court Action, but this is exactly what issue preclusion does not allow—attempting to relitigate these same claims in another court. Plaintiff has already availed himself of the remedy to contest the Superior Court's ruling—an appeal to the Appellate Court of Connecticut, and it has concluded that his arguments were "without merit." *See Henderson*, 2014 WL 631121, at *4.

Given that Plaintiff has already had a full and fair opportunity to litigate the issue of whether he is the owner of 1843 North Broad Street, and the Connecticut state courts have already twice decided that he is not, Plaintiff may not relitigate this issue or the Connecticut courts' conclusion that as a result, he lacks standing to pursue these claims.[5] *See Hollander v. Members of The Bd. of Regents of The Univ. of the State of New York*, No. 10cv9277 (LTS), 2011 WL 5222912, at *2 (S.D.N.Y. Oct. 31, 2011) ("[C]ollateral estoppel bars Plaintiff's attempt to re-litigate his standing. . . ."); *see also Perry*, 222 F.3d at 318.

### B.     Defendants' Request for Sanctions

In light of Plaintiff's five prior unsuccessful lawsuits against Defendants in state court, Defendants request that the Court impose sanctions on Plaintiff for "abuse of the litigation process generally, and his harassment of the defendants specifically." (Defs.' Mem. Supp. Mot. to Dismiss [Doc. # 15-1] at 14.) Sanctions under Rule 11 of the Federal Rules of Civil Procedure are warranted "where it is patently clear that a claim has absolutely no chance of success." *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (quoting *Stern v. Leucadia Nat. Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988)). "Rule 11 applies both to represented and *pro se* litigants . . . ." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989).

"However, a court should not lightly impose sanctions on a *pro se* litigant, for ordinarily, *pro se* parties are held to much more lenient standards than attorneys." *Chien*

---

[5] Although Defendant "Santucci" was apparently not a party to the five State Court Actions and has not been served or appeared before this Court, Plaintiff's lack of standing would also preclude Plaintiff from asserting this claim against him. *See Pena v. Travis*, No. 01cv8534 (SAS), 2002 WL 31886175, at *8 (S.D.N.Y. Dec. 27, 2002) ("[I]ssue preclusion, does not depend on a mutuality of the parties.").

*v. Skystar Bio Pharm. Co.*, No. 3:09cv149 (MRK), 2009 WL 2487983, at *3 (D. Conn. Aug. 12, 2009). "In general, courts have been more willing to sanction a *pro se* litigant where he or she has more familiarity or competence with the law, or has been put on notice as to the possibility of sanctions." *Id.*

Given that "this Court disfavors imposing sanctions against *pro se* litigants," *Kraus v. Beiersdorf, Inc.*, No. 3:09cv01697 (MRK), 2011 WL 2838175, at *3 (D. Conn. July 14, 2011), the Court concludes that sanctions are not warranted here. Although Plaintiff has filed five prior actions against Defendants in state court, none of those actions were dismissed for issue preclusion and there is no indication that Plaintiff was previously warned that he could be sanctioned for filing additional suits. As Defendants acknowledge, this suit is Plaintiff's "first foray into the federal court on these claims." (Def.'s Mem. Supp. at 15.) While a trained attorney could be held accountable for filing a claim barred by issue preclusion, the Court declines to sanction a pro se litigant where there is no indication that he understood the concept of issue preclusion and the full faith and credit afforded to state court judgments in federal court. As a result of this Court's ruling, however, Plaintiff is now on notice that further attempts to refile these same claims against these same defendants could result in sanctions. *See Kraus*, 2011 WL 2838175, at *3.

III.    **Conclusion**

For the reasons set forth above, Defendants' Motion [Doc. # 15] to Dismiss is GRANTED.  Plaintiff's Request [Doc. # 18] for Oral Argument is DENIED.  The Clerk is directed to close this case.


IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 28th day of February, 2014.